OGLEBAY NORTON COMPANY, Libelant

v.

BRADLEY TRANSPORTATION LINE, MICHIGAN LIMESTONE DIVISION, UNITED STATES STEEL CORPORATION

and

Great Lakes Towing Company, Respondents.

BRADLEY TRANSPORTATION LINE, MICHIGAN LIMESTONE DIVISION, UNITED STATES STEEL CORPORATION, Libelant

GREAT LAKES TOWING COMPANY, Respondent.

Nos. 3653, 3649.

United States District Court
N. D. Ohio, E. D.

Feb. 2, 1961.

Scott H. Elder, Johnson, Branand & Jaeger, Cleveland, Ohio, for Oglebay Norton.

Roman T. Keenen, McCreary, Hinslea & Ray, Cleveland, Ohio, for Bradley Transportation Line, etc.

Robert G. McCreary, Jr., Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Arthur E. Otten, Buffalo, N. Y., for Great Lakes Towing Co.

McNAMEE, District Judge.

The libel in cause No. 3649 alleges that the vessel Harry Ewig owned and operated by The Oglebay Norton Company, the libelant, was damaged in a collision with the Rogers City, a vessel owned and operated by the respondent Bradley Transportation Line, a part of the U. S. Steel Corporation (hereinafter Bradley). At the time of the collision the Ewig was moored to a dock at the port of Tonawanda, N. Y., on the Niagara River, near Buffalo. The Rogers City was proceeding down the river. It is further alleged that the Tug Iowa, owned and operated by the respondent Great Lakes Towing Company (hereinafter Towing), was assisting the Rogers City and that the negligence of both respondents resulted in the collision. Towing has answered, denying responsibility for the collision, and moves for the transfer of this action to the Western District of New York, the district in which the collision occurred. The motion is opposed by the libelant and the respondent Bradley. Shortly after the submission of the motion Bradley filed a separate libel against Towing in cause No. 3653 seeking recovery of damages to the Rogers City and indemnity for any amount Bradley may be held liable to Oglebay. Bradley also filed a motion to consolidate said action with the libel filed in cause No. 3649. Towing has filed a motion also to transfer the second libel to the Western District of New York. Both libels arise out of the same collision and involve the same evidentiary facts. The motion to consolidate therefore is well taken. Towing's two motions to transfer will be considered together.

Statute Involved

This motion invokes the authority conferred by 28 U.S.C. § 1404(a), which provides as follows:

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is undisputed that these actions might have been brought in the Western District of New York. As shown by the reviser's notes, Section 1404(a) was drafted in accordance with the doctrine of forum non conveniens. That section grants a broad discretion to district courts to transfer cases upon a lesser showing of inconvenience than would be required to sustain a dismissal under forum non conveniens. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789. However, the relevant factors to be considered, including libelant's choice of forum, remain the same. Ibid. Those factors, as stated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 507, 67 S.Ct. 839, 843, 91 L.Ed. 1055, are:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

Among the practical problems which have been considered is the question whether these cases probably would be tried more promptly in this district than in the Western District of New York.

Upon consideration of all relevant factors bearing upon that question it appears extremely doubtful that this case which is on the current maritime calendar will be reached for trial during the period reserved for the trial of such cases. Inquiry discloses that it is also doubtful that in the event of transfer this case would be tried at an early date in the Western District of New York.

Oglebay is a Delaware corporation with its principal offices located in Cleveland, Ohio. Respondent Towing is a New Jersey corporation whose principal offices also are located in Cleveland. The Bradley Transportation Division of U. S. Steel has its principal office in Detroit, Michigan and a marine office at Cleveland, Ohio. There can be no doubt that the convenience of Oglebay and respondent Bradley will be better served by a trial in this district than by a trial in Buffalo, N. Y. Although its principal office is in this district, Towing will be seriously inconvenienced by a trial here. If the case is tried in Cleveland numerous employee-witnesses of Towing who reside in the Buffalo, N, Y., area will be required to leave their employment to attend trial at Cleveland, thus necessitating either a curtailment of Towing's regular operations in the Buffalo harbor or the temporary replacement of said employee-witnesses during the trial.

From affidavits submitted and oral statements of counsel it appears that the parties expect to call the following witnesses:

Oglebay expects to call four Ohio residents living in this district. Two of such witnesses are employees of Oglebay who will testify as to matters relevant to the cause of collision. The other two witnesses are expected to testify on the subject of damages. Oglebay will also call an employee residing in Duluth, Minn., another employee residing near Toledo, which is in the Western Division of this district, and an employee who is a resident of Trucksville, Pa., which, as the crow flies, is about 180 miles southeast of Buffalo and 295 miles southeast of Cleveland, Ohio. Bradley expects to call four employee-witnesses to testify on the issue of liability. These include the Captain of the Rogers City, who resides in California, and three members of the crew, who live in or near Rogers City, Mich. Bradley also expects to call one witness from Cleveland, Ohio, to testify on the subject of damages. Towing expects to call ten employee-witnesses and three non-employee witnesses. All of Towing's witnesses reside in or near Buffalo, N. Y. Two of the non-employee witnesses are entirely disinterested. Both are residents of Buffalo, N. Y. One of them (McKenzie) is an eyewitness to the collision. The other disinterested witness (Callahan) is expected to testify in support of Towing's claim that it was the Rogers City herself and not the Tug Iowa that was responsible for the steamer's excessive speed. Neither McKenzie nor Callahan will travel to Cleveland to testify and can be compelled to testify in open court only if the trial is held at Buffalo, N. Y. Towing's most important witness is Thomas Thompson, who was the captain of the Tug Iowa at the time of the collision but who is no longer employed by Towing. Thompson is willing to testify in a trial at Buffalo but will not come to Cleveland for that purpose nor will he leave Buffalo overnight for any other purpose. He has a daughter 19 years old who has been an invalid since birth. She is too heavy for Thompson's wife to handle and he lifts the daughter from her bed each morning and arranges her comfortably for the day. In the evening he places her back in bed. Thompson has followed this practice for several years and has not been away from Buffalo during that time. Of course Towing has no way of compelling his attendance as a witness in Cleveland. The pertinent records of the U. S. District Engineers relative to water elevation, water flow and the strength of the current in the Niagara River and other relevant data are kept at Buffalo and the men who make such records reside in or near that city. A similar situation prevails in respect of the records of the investigation of the

Coast Guard. It appears probable, however, that both of the above classes of records would be available at a trial in Cleveland.

The test to be applied in this circuit in transfer cases is stated in Nicol v. Koscinski, 188 F.2d 537, as follows:

"In venue contest it is duty of district judge to balance inconveniences and to determine on which litigant greater hardship will rest, but such determination is subject to rule that, unless balance is strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed."

The application of that test here shows that if the trial is held in this district Towing will suffer the inconvenience of being required to release eight to ten of its employees from work for a period of two or more days and to provide for their traveling and other expenses while the witnesses are away from Buffalo. In addition, a trial at Cleveland would result in a denial to Towing of an opportunity to present the testimony of three of its most important witnesses in open court. Thompson is unquestionably Towing's key witness and most important one. His conduct in directing the operation of the Tug Iowa will be under attack by witnesses of both of the other parties. He can best meet such charges and present his version of the facts by testifying in open court. Scarcely less vital to Towing's cause is the testimony of the two disinterested witnesses McKenzie and Callahan. The testimony of all three witnesses may well have an important bearing on the outcome of the litigation. Towing's inability to produce these witnesses in open court is more than a mere inconvenience. It places Towing at a serious disadvantage in the presentation of its case. The inconvenience to which Oglebay and Bradley would be put by a transfer of the case to Buffalo would be substantially less. In the event of a transfer some of the witnesses of Oglebay and Bradley will be required to travel the additional distance from Cleveland, Ohio, to Buffalo, New York and the witnesses who reside in this district will be required to travel to Buffalo. The distance from Cleveland to Buffalo is about 185 miles. All means of transportation are readily available. Travel time by air between the two cities is 1 hour and 5 minutes. By rail it is 3 hours and 45 minutes, and slightly longer by bus or private automobile. The cost of such transportation is moderate. It does not appear that any of the witnesses of Oglebay or Bradley who are willing to testify at Cleveland would refuse to travel the additional distance to Buffalo for that purpose. A trial at Buffalo, therefore, would not cause Oglebay and Bradley, or either of them, the disadvantage of being unable to produce any of their witnesses in open court. This is in marked contrast to the handicap which Towing would suffer in the event of a trial at Cleveland. There can be no doubt that the balance of inconvenience is strongly in favor of Towing. A trial at Buffalo would place all of the parties on a parity in respect of the appearances of the witnesses in open court. Moreover, all of the events and circumstances out of which the litigation arises occurred in the Western District of New York. A trial in that jurisdiction would provide ready access to the "sources of proof," and would insure the availability of compulsory process to obtain the appearance of unwilling witnesses. See Gulf Oil Corp. v. Gilbert, supra. Such process would be available to summon members of the U. S. District Engineers or members of the Coast Guard resident in the Buffalo area if the exigencies of the trial required their appearance. The stenographer who reported and transcribed testimony taken at the Coast Guard investigation would also be subject to call as a witness if the accuracy of her work was drawn in question. Clearly it would be in the interest of justice to grant the transfer. Furthermore it appears that the owner of the dock to which the Steamer Ewig was moored at the time of the collision has made a claim for damages to its property against Towing and Bradley. It is expected that an ac-

tion will be filed to recover such damages. Obviously such an action growing out of the same occurrence can be tried most conveniently and expeditiously in the Western District of New York in conjunction with the cases herewith being transferred to that district.

Accordingly an order may be prepared consolidating case No. 3653 with case No. 3649 for trial and a further order transferring the consolidated cases to the Western District of New York.