**DeLAY & DANIELS, INC., Plaintiff,**

v.

**ALLEN M. CAMPBELL CO., GENERAL CONTRACTORS, INC., Defendant.**

**Civ. A. No. 75–2230.**

United States District Court,
D. South Carolina,
Columbia Division.

May 12, 1976.

Theodore L. Hostetter, of· Kosko, Coffas & Hostetter, P. A., Columbia, S. C., for plaintiff.

W. Francis Marion, Ellis M. Johnston, II, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR A CHANGE OF VENUE

HEMPHILL, District Judge.

Defendant's motion to transfer this case from the District of South Carolina to the

Tyler Division of the United States District Court for the Eastern District of Texas, or, in the alternative, to the Oklahoma City Division of the United States District Court for the Western District of Oklahoma, filed March 12, 1976, invites the decision of this court. The motion is based on the provisions of 28 U.S.C. § 1404(a).[1] The parties have filed briefs and affidavits in support of their respective positions.

This action arises out of a contract between the defendant Texas corporation and the plaintiff South Carolina corporation, under the terms of which plaintiff was to furnish all materials and labor for the installation of food service equipment at the E. M. Barracks complex at Fort Sill, Oklahoma. The contract defendant entered into the 3rd day of April, 1973,[2] called for delivery dates in the third and fourth quarters of the year 1973 and the first quarter of the year 1974; the consideration was an agreement by defendant to pay plaintiff $240,-900.00. The complaint states that plaintiff has fully performed the work and that, despite repeated demands, defendant has failed to pay in full, and there is due and owing the amount of $38,894.42. In his answer defendant denies that the plaintiff has fully performed so as to make defendant liable for any balance due, and by way of setoff and counterclaim, defendant alleges that plaintiff breached the contract, making it necessary for defendant to extend the completion date for 30 days, and that as a result of the breach and subsequent extension, defendant incurred additional costs in the amount of $30,000.00; in addition, because of the breach by plaintiff and the failure of plaintiff to perform, defendant had to have a remaining part of the contract performed by others at a total cost of $19,150.00, and the answer asked for a reasonable attorneys' fees and costs.

Initially, it may be noted that this contract was to be performed at Fort Sill, Oklahoma and that the contract provides: "39. This contract shall be construed in accordance with the laws of the State of Texas, U.S.A." The defendant contends that there are four primary issues involved in the case:

(1) An interpretation of the contract terms and conditions in dispute, which, under the contract, are to be construed in accordance with the laws of the State of Texas.

(2) The amount of money withheld by the defendant.

(3) The amount and availability of defendant's setoff under the contract.

(4) The amount and availability of defendant's counterclaim under the contract.

In plaintiff's brief in opposition to the motion, it is stated, "The plaintiff's case will be determined by the court's construction of a sentence in the contract which provides: 'Final connections to electrical, plumbing and mechanical services to be made by others.'"

■ Section 1404(a)[3] "was intended to enlarge the common law power of the Court under the ancient doctrine of *forum non conveniens.*" *Wright v. American Flyers Air Line Corp.,* 263 F.Supp. 865, 867 (D.S.C. 1967). The particular section eliminates the harsh result of that ancient doctrine, dismissal of the action, and allows a court to "grant transfers upon a lesser showing of inconvenience" than that required at common law. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Mims v. Proctor & Gamble Distributing Co.,* 257 F.Supp. 648 (D.S.C.1966). In *Jiffy Lubricator Co. v. Stewart-Warner Corp.,* 177 F.2d 360, 362 (4th Cir. 1949), Judge Parker stated:

---

1. 28 U.S.C. § 1404(a) provides: *"Change of venue*

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. After hearing arguments on the motion the court asked that the contract and specifications be furnished to the court, which was done by defendant's counsel's letter of April 1, 1976, with the enclosures, a copy of which was sent to plaintiff's counsel.

3. See note 1 *supra.*

. . . The notion that 28 U.S.C.A. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous. It is perfectly clear that the purpose of this section of the revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not.

■ The purpose of this section is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.' . . . and it empowers a district court to transfer 'any civil action' to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945; *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *Penntube Plastics Co. v. Fluorotex, Inc.,* 336 F.Supp. 698 (D.S.C.1971); *Wright v. American Flyers Air Line Corp., supra.*

This court may[4] transfer an action to another district if the action might originally have been brought in the district to which transfer is sought. The Eastern District of Texas is such a district.

Jurisdiction in the present action is based on diversity of citizenship and suit could have been commenced in the United States District Court for the Eastern District of Texas. Venue would be proper in Texas under the venue provision for diversity actions. Section 1391(a) of Title 28 U.S.C. provides that venue lies in any district "where all . . . defendants reside, or in which the claim arose." The defendant is a Texas corporation with its principal offices in Tyler, Texas, thus making venue proper in the Eastern District of Texas, Tyler Division.

Section 1404(a) establishes three general criteria upon which a transfer motion is to be determined: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interest of justice. The various factors included under these criteria have been considered in many decisions of the district courts, and when applied to the case at bar, weigh overwhelmingly in favor of the Eastern District of Texas.

■ Although a plaintiff's choice of forum is a factor generally to be considered, he does not have an absolute right to choice of forum. *Wright v. American Flyers Air Line Corp., supra; Mims v. Proctor & Gamble Distributing Co., supra.* The significance of the factor of plaintiff's choice has been considerably diminished under Section 1404(a), *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 267 F.Supp. 938, 942, n. 9 (S.D.N.Y.1967), and is now "accorded but slight significance." *Glickenhaus v. Lytton Financial Corp.,* 205 F.Supp. 102, 107 (D.Del.1962). Where, as here, plaintiff sues in a forum which has no discernible connection with the controversy, its weight is further diminished. *Mims v. Proctor & Gamble Distributing Co., supra; Penntube Plastics Co. v. Fluorotex, Inc., supra; Xerox Corp. v. Litton Industries, Inc.,* 353 F.Supp. 412 (S.D.N.Y.1973); *Rodgers v. Northwest Air Lines, Inc.,* 202 F.Supp. 309 (S.D.N.Y. 1962).

The principal connection that this action has with the District of South Carolina is that the plaintiff's corporate headquarters is located in this state. On the other hand, this action has many contacts with the Eastern District of Texas and the Western District of Oklahoma. The contract calls for its terms and conditions to be interpreted under the laws of the State of Texas. Further, the defendant's corporate headquarters, records and witnesses are in the State of Texas. Benco, Inc., the corporation which allegedly finished the job allegedly left undone by plaintiff, is a Texas corporation with its principal offices in Texarkana, Texas.

■ The factors considered by the court when giving effect to the first criteri-

4. While the word "may" is permissive, and frequently called "discretionary," but the discretion must be exercised in keeping with the intent and the limitations of the statute.

on—convenience of the parties—include (1) the contact or lack of contact which the parties have with alternate forums; (2) the location of parties and employees of parties who will be examined before trial or called as witnesses; and (3) the location of documents which must be used or produced by the parties before or at trial. When these factors are taken into account, the preponderance of convenience is clearly in favor of the Eastern District of Texas.

The location of documents may be of primary importance in this action. The determination of the amounts to which defendant is entitled to setoff against the alleged amount owed to plaintiff, and particularly the amount to which defendant is entitled by way of counterclaim, will require documentation and knowledgeable witnesses. These records and documentation and witnesses appear to be available at defendant's principal place of business in Texas.

Transferring this case to the Eastern District of Texas would not merely shift the inconvenience from one party to the other. The two issues presented by plaintiff's complaint are the interpretation of the contract and an accounting of the monies paid. The first issue will not require the testimony, to any great extent, of any of plaintiff's employees and is primarily an issue of law which, pursuant to the express terms of the contract, is to be determined under the laws of the State of Texas. The second issue would be determined more conveniently in the State of Texas where the records are kept. The plaintiff therefore will encounter minimal inconvenience in the prosecution of his action in Texas.

Conversely, there is little doubt that defendant would be extremely inconvenienced if it were required to defend this action and prosecute its setoff and counterclaim in South Carolina. The issues presented in defendant's answer, setoff and counterclaim are primarily factual in nature, requiring documentation and witnesses which are in Texas. The cost of defending this action in South Carolina would therefore unduly increase the defendant's expenses, while transfer to Texas would only minimally increase those of the plaintiff.

The second criterion to be considered in determining whether to transfer an action under Section 1404(a) is the convenience of witnesses. This is a most compelling reason for transfer to Texas. A substantial number of key witnesses reside in Texas. Some of these are outside witnesses who will testify as to the expense of completing the job and to the damages incurred from the delay resulting from plaintiff's alleged breach of contract. If the case is tried in South Carolina, defendant will not be able to compel these witnesses to attend the trial and to give testimony. If these witnesses should voluntarily agree to testify, it would be much more convenient for them to be able to testify within their home state.

In *Mims v. Proctor & Gamble Distributing Co., supra,* this court noted as to witnesses that:

> The number of witnesses is a factor to be considered as well as the nature and quality of the testimony, the distances and inconveniences involved.

Similarly in *Wright v. American Flyers Air Lines Corp., supra,* this court noted that both the number and importance of prospective witnesses were factors to be considered. Also, in *Penntube Plastics Co. v. Fluorotex, Inc., supra.,* this court stated:

> The Court is impressed with the fact that many important witnesses will be available to the District Court in Wilmington, who could not be compelled to testify in this district. The importance of having live testimony of such witnesses has been recognized in this circuit as a compelling reason for transferring. . . .

These cases clearly indicate that the court should consider whether it will be able to compel witnesses to testify as well as the number of witnesses and the nature and quality of their testimony when considering whether an action should be transferred.

The affidavit of Tommy L. Hayes, defendant's vice-president, indicates that the convenience of the overwhelming number

of material witnesses, both quantitatively and qualitatively, would best be served by transfer of this action to the Eastern District of Texas. *Penntube Plastics Co. v. Fluorotex, Inc., supra; Wright v. American Flyers Air Line Corp., supra; Mims v. Proctor & Gamble Distributing Co., supra.*

It follows from the above that a transfer to the Eastern District of Texas for the convenience of the parties and the witnesses is also in the interest of justice. Several factors indicate that a more effective administration of justice can be obtained by transferring this case to Texas.

Transfer to a federal court sitting in Texas would be beneficial because of the issue of construction and interpretation of the contract which, according to its terms, is to be construed in accordance with the laws of the State of Texas. This point was addressed in *Wright v. American Flyers Air Line Corp., supra,* when this court stated:

> While the convenience of witnesses and parties are important factors, "there is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in laws foreign to itself." (Citations omitted).

Another factor indicating that the case at bar should be transferred to the Eastern District of Texas is that neither party will be able to utilize the court's subpoena power to compel important outside witnesses to attend trial if the case is tried in South Carolina. If this action is tried in Columbia, then it is likely that the defendant will have to resort to depositions in order to present its case. Naturally, defendant's case would be prejudiced if it were not able to present live testimony of witnesses concerning the costs of completing plaintiff's work and the damages caused by the resulting delay. It should also be noted that, in interpreting the terms and conditions of the contract, it may become necessary to establish the standard practice of the construction industry in the area where the contract was to be performed. Texas is much closer in geographical proximity to the work situs than Columbia, South Carolina.

The importance of being able to subpoena outside witnesses was recognized in *Commercial Solvents Corp. v. Liberty Mutual Insurance Co.,* 371 F.Supp. 247 (S.D.N.Y.1974). In that case, the court stated:

> The possibility that a case may be tried where certain crucial witnesses could not be compelled to attend is an important consideration. Requiring a party to try his case with depositions because the place of trial is such as to prevent the party from compelling attendance of material witnesses is unacceptable when the case could be transferred to a district where attendance could be compelled and which would be convenient in other respects for both parties. Consistent with this principle courts generally transfer cases when important witnesses cannot be compelled to testify in the forum, but could be subpoenaed in the transferee court.

371 F.Supp. at 250. Many courts have recognized that where the credibility of witnesses is a crucial factor live testimony is preferable to depositions of key witnesses. *E. g., Penntube Plastics Co. v. Fluorotex, Inc., supra; International Nickel Co., Inc. v. Martin J. Barry, Inc.,* 204 F.2d 583 (4th Cir. 1953).

The Eastern District of Texas is a forum in which this action might have been brought. It is a far more convenient forum for defendant and for all key witnesses and is not an inconvenient forum for plaintiff. The interest of justice can best be served by transferring this case to the Eastern District of Texas. As an alternative, the Western District of Oklahoma presents a logical forum as being the situs of the contract work. Based on the convenience of parties and witnesses and in the interest of justice, this action should be transferred to the Eastern District of Texas.

The motion is granted. The case is transferred to the Eastern District of Texas.

AND IT IS SO ORDERED.