Kenneth C. BELL, Plaintiff,

v.

K MART CORPORATION, Defendant.

Edward J. KONDRAD, Plaintiff,

v.

K MART CORPORATION, Defendant.

James T. MIXON, Plaintiff,

v.

K MART CORPORATION, Defendant.

David L. NAVICKAS, Plaintiff,

v.

K MART CORPORATION, Defendant.

Mitchell B. TAPER, Plaintiff,

v.

K MART CORPORATION, Defendant.

Civ. Nos. 1:94–cv–459–JEC to 1:94–cv–462–JEC and 1:94–cv–465–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 25, 1994.

Carl H. Hodges, Morrow, GA, James L. Ford, Ford & Felton, Atlanta, GA, James J.

Dalton, II, Morrow, GA, Daniel M. Klein, Atlanta, GA, for plaintiffs.

James H. Coil, III, Edmund M. Kneisel, Walter E. Johnson, Kilpatrick & Cody, Atlanta, GA, for defendant.

### *ORDER*

CARNES, District Judge.

This case is presently before the Court on defendant's Motions for Change of Venue [65–2]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's motion should be granted.

### *BACKGROUND*

The eleven plaintiffs in this case are former store managers of defendant K Mart Corporation ("K Mart") who are, or were, employed in defendant's stores located in Alabama, Florida, Georgia, and North Carolina. Each plaintiff seeks relief for alleged age discrimination, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Each plaintiff also seeks relief for common law intentional infliction of emotional distress pursuant to the applicable law of each plaintiff's home state.

Plaintiffs have alleged that each plaintiff was subjected to some adverse employment action by defendant due to the respective plaintiff's age at the time of the adverse actions. In support of their claims, plaintiffs point to evidence they believe indicates that each plaintiff was subjected to such adverse action as part of a "pattern and practice" of illegal treatment of K Mart's older employees at all levels. All the plaintiffs were over forty years old at the time of the alleged adverse employment actions and, thus, protected by the ADEA. Notwithstanding plaintiffs' allegations, defendant alleges that the employment decisions made regarding each plaintiff were made based upon the individual circumstances of each plaintiff's employment record and job performance. Plaintiffs, in turn, cite to evidence which tends to indicate that defendant's stated reasons for each employment decision are mere pretext.

Although the Complaint purported to include the claims of each of eleven plaintiffs "and other similarly situated persons," (Compl. at ¶ 92), it was not brought as a class action, and plaintiffs have made no effort to seek representative status or to certify any proposed class.[1] Prior to bringing the instant action, each plaintiff filed an individual complaint with the Equal Employment Opportunity Commission office in his respective state. According to the allegations in the Complaint, the plaintiffs reside as follows:

| Plaintiff | Residence |
| --- | --- |
| Bell | Jacksonville Beach, Fl. |
| Kondrad | Fayetteville, N.C. |
| Mixon | St. Petersburg, Fl. |
| Navickas | Castleberry, Fl. |
| Taper | Raleigh, N.C. |

The plaintiffs still reside in the same locales as they did at the time of the acts complained of in the Complaint. The stores to which the plaintiffs were assigned are likewise near their current places of residence and in their respective home states. At the time of the adverse employment actions complained of, pursuant to K Mart's management structure, each plaintiff reported to a District Manager and Regional Manager located in each plaintiff's home state.[2] K Mart is a Michigan corporation presently doing business in all four states in which the plaintiffs reside.

### *DISCUSSION*

I. *Introduction.*

■ In its motions currently before the Court, defendant seeks to change venue with respect to plaintiffs Bell, Kondrad, Mixon, Navickas, and Taper pursuant to 28 U.S.C.

---

1. These plaintiffs' cases were originally filed as one lawsuit. Pursuant to prior order of the Court, however, each plaintiff's case has been severed from the others. References in this order to the "Complaint" refer to the consolidated complaint filed in the original lawsuit.

2. Although plaintiff Thompson worked at a store located in Alabama at the time of the acts complained of, he reported to a Regional Manager located in Atlanta, Georgia.

1404(a).[3] Defendant argues that the Northern District of Georgia is an inconvenient forum for trying the cases of the Florida and North Carolina plaintiffs, as virtually all the witnesses with personal knowledge regarding these plaintiffs' cases, including the plaintiffs themselves, live and work near each plaintiff's respective place of residence. Defendant has presented evidence that none of these witnesses lives or works anywhere in Georgia. Plaintiffs argue, in response, that all the plaintiffs' claims share common statistical and pattern and practice evidence which could be presented once in one location if the cases had remained joined. Plaintiffs further argue that any inconvenience to the parties and witnesses caused by having the trial at a distant location is mitigated by the fact that some of the witnesses travel as part of their jobs anyway. Plaintiffs have argued that their choice of venue is paramount to this Court's determination but have presented no evidence tending to demonstrate inconvenience to the parties or witnesses by transferring venue.

For the reasons discussed below, the Court conclude that it should grant defendant's motion for change of venue with respect to the Florida and North Carolina plaintiffs' cases.

## II. *Change of Venue.*

Defendant has moved the Court, pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"), to transfer venue with respect to the Florida and North Carolina plaintiffs. Plaintiffs oppose this motion by arguing that venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(c) and that defendant has failed to make a sufficient showing to disturb plaintiffs' choice of forum. Defendant does not dispute that venue is currently proper; rather, it argues that the current venue is exceedingly inconvenient and that the plaintiffs impacted by their motion to change venue have no contacts with the present forum. The Court concludes that the present forum is inconvenient for the parties

and the witnesses and, thus, that it should grant defendant's motion to change venue in these plaintiffs' cases.

■■■ Defendant relies on 28 U.S.C. § 1404(a) to support its motion for a change of venue with respect to the Florida and North Carolina plaintiffs. Section 1404(a) provides that:

> [f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This "change of venue statute applies by its express terms to 'any civil action,' which would include an action under the ADEA." *Adkins v. Kellwood Co.,* 36 Fair Empl. Prac.Cas. (BNA) 1062 (W.D.N.C.1984). When seeking a change of venue pursuant to § 1404(a), "[t]he movant has the burden of making a strong case for transfer and if the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied." *Grey v. Continental Marketing Associates, Inc.,* 315 F.Supp. 826, 831 (N.D.Ga.1970) (Edenfield, J.) (footnote omitted). In these cases, defendant has carried its burden.

"Section 1404(a) establishes three general criteria upon which a transfer motion is to be determined: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interest of justice." *Delay & Daniels, Inc. v. Allen M. Campbell Co.,* 71 F.R.D. 368, 371 (D.S.C.1976). These factors have been analyzed many times before and, in these cases, clearly indicate that transfer is proper.

### 1. *Convenience of the Parties.*

With respect to the first criterion, defendant's undisputed evidence establishes that none of these plaintiffs resides in or near the Northern District of Georgia and that their respective causes of action did not arise in

---

**3.** It is unclear from the pleadings why defendant objects to the Northern District of Georgia as an inappropriate venue for the Florida plaintiffs' (Bell, Mixon and Navickas) and North Carolina plaintiffs' (Kondrad and Taper) cases but does not object to venue with respect to the Alabama

plaintiff's (Thompson) case 1:94–CV–466–JEC. The same factors considered with respect to transferring the Florida and North Carolina plaintiffs' cases would also be considered with respect to transferring the Alabama plaintiff's case.

the district. Further, the defendant is a Michigan corporation with its principal place of business in Troy, Michigan.

In response to defendant's motion, plaintiffs argue that transferring the Florida and North Carolina cases to their respective home venues would inconvenience the parties by multiplying the number of cases. Essentially, plaintiffs complain that they would be "inconvenienced" because their individual costs of litigation may be increased if defendant's motion is granted. Plaintiffs' argument is misplaced. This argument is more relevant to defendant's motion for severance than to the motion for transfer, and for the reasons stated in its order of February 22, 1994, the Court has determined that defendant's motion for severance should be granted. Plaintiffs' argument also overlooks the increased practical difficulties and costs associated with trying a case where none of the parties or witnesses resides, as well as the tremendous cost and disruption to K Mart should it be required to bring *every* witness with personal knowledge of plaintiffs' cases from out of state. Moreover, should plaintiffs prevail in their respective cases, they are entitled to recover reasonable attorney fees and costs of the action. 29 U.S.C. § 626(b); *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir.1983).

■ To the extent that plaintiffs argue they would be inconvenienced by a change of venue because of additional logistical difficulties on the part of their counsel, their argument falls short. It is well established that "the fact that counsel may be inconvenienced is [almost] irrelevant to whether the motion for transfer should be granted." *Prather v. Raymond Constr. Co.*, 570 F.Supp. 278, 284 (N.D.Ga.1983) (Ward, J.). In short, plaintiffs have put forth no evidence that tends to support their arguments that it would be more convenient for any party to conduct the trials in the Northern District of Georgia rather than the district nearest their respective homes.

### 2. *Convenience of the Witnesses.*

The undisputed evidence, introduced by defendant, indicates that every witness with personal knowledge of the circumstances surrounding each of the Florida and North Carolina plaintiff's demotion lives and works outside the state of Georgia. With the exception of defendant's witnesses Valenti and Antonini, who live and work in Michigan, all the fact witnesses in each of these cases live and work in each plaintiff's state of residence. Plaintiffs argue that defendant has overstated the degree of witness inconvenience, as some of the witnesses "are perfectly accustomed to regular travel because that is precisely what they do for Kmart." (Pls.' Mem. in Opp'n to Def.'s Mot. for Change of Venue at 199).

Plaintiffs' argument is meritless under the circumstances of their cases. Although some of the witnesses identified in defendant's affidavits in support of its motion do travel as part of their work, the travel does not include trips to Atlanta, Georgia. The K Mart employees plaintiffs allude to are regional and district managers whose geographic territories of responsibility are limited to their respective home states. Moreover, a large majority of the more than twenty witnesses identified by defendant are employees who are assigned to a single store near the plaintiffs' respective homes and do little or no traveling on behalf of K Mart. Regardless of the travel requirements of their jobs, transferring venue to one near these witnesses' homes and work responsibilities "will benefit the witnesses by reducing the amount of time that they will be away from their families and jobs when appearing at trial." *Jones v. Nabisco, Inc.*, 26 Fair Empl.Prac.Cas. (BNA) 233, 235 (D.S.C.1981).

As with the first criterion, plaintiffs have presented no evidence to this Court tending to show that the witnesses in each plaintiff's case would be inconvenienced by granting defendant's motion to change venue. Quite the contrary, the undisputed evidence establishes that moving these cases to districts in the plaintiffs' respective home states would be more convenient for all the witnesses, including the plaintiffs themselves.

### 3. *Interest of Justice.*

■ Defendant's primary argument with respect to the third criterion is that justice is

better served by determining plaintiffs' state law claims in a forum located in the plaintiffs' respective states of residence. Plaintiffs argue that the interests of justice may be equally served in any federal forum which is bound to apply the law of each plaintiff's state to his state law tort claims. While plaintiffs are correct with respect to any federal court's obligation to apply the substantive law of each plaintiff's home state as it applies to that plaintiff's state law claims, their argument fails to take into account that "'there is an appropriateness ... in having the trial ... in a forum that is at home with the state law that must govern the case.'" *Delay & Daniels,* 71 F.R.D. at 373 (citations omitted in original).

Plaintiffs' arguments also overlook the public interests of justice that are served by transferring these cases to the localities in which they arose. As noted by the Supreme Court in its application of the doctrine of forum non conveniens:[4]

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of the community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Plaintiffs have failed to persuade the Court that the interests of justice would be served by deciding their cases in a forum so completely unrelated to any of the parties or plaintiffs' causes of action. There simply is no justification for preventing these cases to be decided within the communities most impacted by the alleged misdeeds of the defendant. Likewise, there is no justification for imposing the burden of deciding plaintiffs' cases upon a community which has no relation to the litigation.

### 4. *Plaintiffs' Choice of Forum.*

■ Plaintiffs' primary opposition to defendant's motion is their "presumed right to have a case decided in the venue" they chose. (Pls.' Mem. in Opp'n to Def.'s Mot. for Change of Venue at 199). As defendant has pointed out, "[h]owever, where the Plaintiffs' choice of forum lacks any significant connection with the underlying claim[,] Plaintiffs' choice of forum is entitled to reduced weight." *Adkins,* 36 Fair Empl.Prac.Cas. (BNA) at 1062; *see also Burns v. Thompson Indus., Inc.,* 32 Fair Empl.Prac.Cas. (BNA) 1860 (N.D.Ga.1983) (Vining, J.) (accord). Plaintiffs' claims could hardly be less related to the Northern District of Georgia.

As detailed above, there is little evidence before the Court that counsels against transferring these plaintiffs' cases, other than plaintiffs' decision to file in this Court. Plaintiffs' choice alone simply does not outweigh the factors that strongly weigh in favor of transferring their cases. Accordingly, the Court concludes that defendant's motion for change of venue should be granted.

### CONCLUSION

For the foregoing reasons, defendant's Motion for Change of Venue [65–2] is **GRANTED.**

The Clerk is directed to transfer the action of Kenneth C. Bell, 1:94–CV–459–JEC, to the United States District Court for the Middle District of Florida, Jacksonville Division.

The Clerk is directed to transfer the action of Edward J. Kondrad, 1:94–CV–460–JEC, to the United States District Court for the Eastern District of North Carolina, Fayetteville Division.

The Clerk is directed to transfer the action of James T. Mixon, 1:94–CV–461–JEC, to the United States District Court for the Middle District of Florida, Tampa Division.

---

**4.** While the district court's discretion is broader in applying § 1404 than it is in applying the doctrine of forum non conveniens, the relevant factors to be considered by the court are the same. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

The Clerk is directed to transfer the action of David L. Navickas, 1:94–CV–462–JEC, to the United States District Court for the Middle District of Florida, Orlando Division.

The Clerk is directed to transfer the action of Mitchell B. Taper, 1:94–CV–465–JEC, to the United States District Court for the Eastern District of North Carolina, Raleigh Division.

SO ORDERED.