Bruce **BANNISTER**, James F. (Rick) Burriss Jr., Max Dutton, Pete Flanigan, Mark Griffith, Kathy Soles, Ronald Toms, and Marion Towles, Plaintiffs,

v.

**WAL–MART STORES EAST, L.P.**, Defendant.

No. 4:11–CV–94–BO.

United States District Court, E.D. North Carolina, Eastern Division.

Feb. 14, 2012.

Robert A. Meynardie, Sarah E. Carson, The Meynardie Law Firm, PLLC, Joseph H. Nanney, Jr., Meynardie & Nanney, PLLC, Culley C. Carson, IV, Carson Law Firm, PLLC, Raleigh, NC, for Plaintiffs.

Angela B. Cummings, Julie Kerr Adams, Molly M. Shah, Littler Mendelson, P.C., Charlotte, NC, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on Defendant's Motions to Dismiss [DE 28; 30] and to Change Venue [DE 32]. Plaintiffs have responded, Defendant has replied, and the matters are now ripe for ruling. For the reasons discussed below, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted in part and denied in part, Defendant's Motion to Dismiss for failure to state a claim is denied, and Defendant's Motion to Change Venue is granted.

## BACKGROUND

Plaintiffs filed this action for unlawful employment practices by Defendant as to Plaintiffs and other similarly situated individuals. Plaintiffs allege violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disability Act (ADA), 42 U.S.C. § 12101, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the North Carolina Equal Employment Practices Act (NCEE-PA), N.C. Gen.Stat. §§ 143–422.1 *et seq.* Additionally, Plaintiffs allege claims of negligent supervision and retention, intentional infliction of emotional distress, and negligent infliction of emotional distress.

All Plaintiffs are former managers or co-managers of Wal–Mart stores who claim that Defendant replaced them with younger, less experienced employees. Plaintiffs contend that they were either terminated or forced to retire as a result of Wal–Mart's endorsed discriminatory corporate culture against older, tenured em-

ployees. Plaintiffs point specifically to Defendant's "Coaching for Improvement" progressive discipline policy, alleging that older employees received a disproportionate number of disciplinary reprimands, as a result of which they would be either terminated or forced to resign.

Defendant has moved to dismiss both for lack of subject matter jurisdiction and for failure to state a claim. F.R. Civ. P. 12(b)(1); 12(b)(6). Defendant has also moved for a change of venue as to Plaintiffs Griffith and Toms. F.R. Civ. P. 12(b)(3). On September 15, 2011, Defendants Wal–Mart Stores East I, Inc., and Wal–Mart Stores, Inc., were dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. On January 26 and 31, 2012, Plaintiffs Edward Konrad and Rick Orndorff were also voluntarily dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Accordingly, the Court addresses the pending motions only insofar as they relate to claims by the remaining Plaintiffs against the remaining Defendant.

## DISCUSSION

### Change of Venue

Defendant has moved for a change of venue as to Plaintiffs Griffith and Toms. Defendant seeks to transfer Plaintiff Griffith's case to the Western District of Virginia and Plaintiff Toms' case to the Eastern District of Virginia due to the lack of connection between their claims and this district and for the convenience of the witnesses and the parties. Griffith was employed by Defendant at a store in Bedford, Virginia and currently still resides in Bedford. Griffith's Wal–Mart supervisor and market manager are also located in Virginia. Plaintiff Toms was employed by Defendant at a store in Yorktown, Virginia and currently resides in Gloucester County, Virginia. Toms' market manager is also located in Virginia.

A court may transfer venue in a civil action, to any district or division in which the action might have been brought, for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir.1984). Defendant contends, and Plaintiffs do not challenge, that Griffith's action may have been properly brought in the Western District of Virginia and Toms' action may have properly been brought in the Eastern District of Virginia, leaving the Court to consider whether the convenience of the parties and the interest of justice are better served by transferring Griffith's and Toms' actions. In doing so, the Court may consider numerous factors, including the plaintiffs' choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir.1984); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360 (W.D.N.C.2003).

As the Court considers such factors, it bears in mind that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the "art of judging." *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F.Supp. 446, 451 (W.D.N.C.1989) (citation omitted). Additionally, the party seeking transfer bears the burden to show both that more than the balance of convenience tips in its favor and that a transfer would not merely serve to shift the inconvenience. *Id.* Defendant points to the fol-

lowing factors as being determinative in this matter: that neither Griffith's nor Toms' causes of action are related to this district, that witnesses will be inconvenienced, and that the public interests of justice dictates that venue is appropriate in the Western and Eastern Districts of Virginia.

A plaintiff's choice of forum is generally accorded great weight unless the interests of justice weigh heavily in favor of a transfer. *Nutrition & Fitness,* 264 F.Supp.2d at 360. However, the deference given to a plaintiff's choice of forum is proportionate to the relationship between the forum and the cause of action. *Parham v. Weave Corp.,* 323 F.Supp.2d 670, 674 (M.D.N.C.2004). Griffith and Toms are residents of Virginia and were employed by Defendant in Virginia. Accordingly, the weight the Court applies to this factor is less than it might be if Griffith and Toms were residents of or were employed in North Carolina.

With regard to the convenience of witnesses, the key witnesses named in Griffith's and Toms' complaints are located in Virginia, and there has been no showing that any other potential witnesses in these cases reside in North Carolina. Although an ADEA claim involves a federal question that may be decided by any federal court, Griffith and Toms' specific complained of acts involve Defendant's stores in Virginia and other employees hired by Defendant in Virginia; in contrast to the remaining Plaintiffs who reside and were employed in North Carolina, Virginia is certainly the "community most impacted by the alleged misdeeds of defendant" with regard to the Virginia Plaintiffs' claims. *Bell v. K–Mart Corp.,* 848 F.Supp. 996, 1000 (N.D.Ga. 1994). The district courts of Virginia are also better suited to adjudicate Plaintiff Griffith's and Toms' state law claims for negligent supervision and retention and negligent infliction of emotional distress. *Id.*

Plaintiffs Griffith and Toms' choice of venue in this district simply does not outweigh the other factors that tip decidedly in favor of transferring these actions to the Western and Eastern Districts of Virginia. Accordingly, Defendant's Motion to Transfer Venue is granted. Because the Court has granted such motion, it declines to consider Defendant's other challenges as they pertain to Plaintiffs Griffiths and Toms' complaints.

### Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647–50 (4th Cir.1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.,* citing *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558–59 (9th Cir.1987). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule

12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

### Subject Matter Jurisdiction

 Defendant contends that the court lacks subject matter jurisdiction to hear several of Plaintiffs' claims due to Plaintiffs' failure to comply with applicable administrative requirements. The ADEA, ADA, and Title VII each require that an aggrieved employee must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), generally within 180 days after the alleged unlawful employment practice occurred. 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1). A plaintiff may proceed to file an employment discrimination action in the federal courts only after a charge has been filed with the EEOC. *See e.g.* 42 U.S.C. § 2000e–5(f)(1). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent ... lawsuit." *Evans v. Techs. Applications & Svc. Co.,* 80 F.3d 954, 963 (4th Cir.1996). Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (2009). As most EEOC charges are filed without the assistance of counsel, courts should construe them liberally. *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir.2005).

As Defendant challenges the existence of subject matter jurisdiction over several claims by different Plaintiffs, the Court will address each challenge separately.

*Challenges related to timeliness*

### I. *Plaintiff Burriss' ADEA claim*

 Defendant challenges Plaintiff Burriss' ADEA claim as untimely. Burriss filed a charge with the EEOC on March 30, 2011, alleging age and race discrimination. Burriss' last date of employment with Defendants, and the date of his last alleged discrimination, was August 6, 2010. Burriss' EEOC charge was filed well-outside the 180 day time for filing, and accordingly his ADEA claim filed in the instant matter is statutorily barred. *See Williams v. Giant Food, Inc.,* 370 F.3d 423, 428 (4th Cir.2004).

### II. *Plaintiff Flanigan's ADEA claim*

 Defendant next contends that Plaintiff Flanigan's ADEA is time barred. Flanigan filed a charge with the EEOC on August 5, 2010, claiming age discrimination. Flanigan claims a latest date that discrimination took place of April 23, 2010, and thus filed a timely EEOC charge. However, after filing a charge with the EEOC, plaintiffs have ninety days from the receipt of a right-to-sue letter to file an action in federal or state court. 29 U.S.C. § 626(e). The EEOC mailed Flanigan a letter of dismissal and notice of rights (right-to-sue letter) on November 22, 2010; the instant lawsuit was filed on June 10, 2011, well-outside the ninety day period for

filing suit. Accordingly, Flanigan's ADEA claim is time barred.

*Challenges related to scope of EEOC charge*

■ As discussed above, the scope of an EEOC charge limits the scope of any subsequent litigation, causing any claims that exceed the scope of the administrative charge to be procedurally barred. *Chacko*, 429 F.3d at 509. Because claims not brought before the EEOC are unexhausted, the court lacks subject matter jurisdiction over them. *Calvert Group*, 551 F.3d at 300. The Court now turns to the remaining claims of the remaining Plaintiffs to determine whether those claims should be dismissed for lack of subject matter jurisdiction.

### I. *Plaintiff Bannister*

Defendant has challenged Plaintiff Bannister's harassment and hostile work environment claims as being beyond the scope of his EEOC charge. In his EEOC charge, Bannister checked the retaliation and age boxes to indicate the type of discrimination about which he complained. Bannister specifically discussed two discrete episodes of discipline which Bannister alleges to have been unwarranted and due to his age and his support of another individual who complained of harassment and age discrimination.

■ The scope of Bannister's EEOC charge fails to encompass a claim of harassment or hostile work environment. The discrete acts complained of are not sufficient to put Defendant on notice of a claim that its workplace is "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367,

126 L.Ed.2d 295 (1993) (internal quotations and citation omitted). Nor would such claims be developed by a reasonable investigation by the EEOC. Accordingly, Plaintiff Bannister's claims for harassment and hostile work environment are outside of the scope of his EEOC charge and must be dismissed. *See e.g. Chacko*, 429 F.3d at 511 (isolated incidents complained of in administrative charge insufficient to support a hostile work environment claim).

### II. *Plaintiff Soles*

Defendant has also challenged Plaintiff Soles' harassment, hostile work environment, ADA, and ADEA claims as being beyond the scope of her EEOC charge. In her EEOC charge, Soles checked the age and disability boxes to indicate the type of discrimination about which she complained. Soles specifically discussed being denied reasonable accommodation and not being allowed to return to work due to her working restrictions.

■ Soles' EEOC charge alleges no facts that might support a claim for age discrimination, and such a claim is therefore beyond the scope of her EEOC charge. Soles also fails to make any allegations that might support a claim for harassment or hostile working environment, making those claims also beyond the scope of her administrative charge. With regard to Soles' ADA claims, Soles does allege a factual basis in her charge supporting her claim of failure to accommodate in addition to her termination claim. Specifically, Soles states that she was not allowed to return to work due to her working restrictions; construing Soles' EEOC charge liberally, the Court finds that such an allegation is reasonably related to a claim for termination in violation of the ADA and that the specifics regarding Soles' termination would be discovered upon reasonable investigation of her

claims. *Chacko*, 429 F.3d at 509. Accordingly, Soles may proceed with her ADA claims of failure to accommodate and termination.

## III. *Plaintiff Towles*

Defendant has also challenged Plaintiff Towles' hostile work environment claim as being beyond the scope of her EEOC charge. In her EEOC charge, Towles checked the race and age boxes to indicate the type of discrimination about which she complained. Towles specifically discussed being placed on PIP, being discharged, that younger, similarly situated Caucasian workers had not been disciplined, and that a period of discriminatory management practices has been in place for two years. As discussed above, Towles has failed to allege sufficient facts in her EEOC charge to encompass a hostile work environment claim. The discrete acts complained of are not sufficient to put Defendant on notice of a claim that its workplace is "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Harris*, 510 U.S. at 21, 114 S.Ct. 367. Nor would such a claim be developed by a reasonable investigation by the EEOC. Accordingly, the Court is without jurisdiction to hear Plaintiff Towles' hostile work environment claim.

## IV. *Plaintiff Dutton*

Defendant seeks to dismiss Plaintiff Dutton's claim for failure to promote as beyond the scope of his EEOC charge. As Plaintiff Dutton has conceded that he has not made a claim against Defendant for failure to promote, such a request by Defendant is moot.

*Application of the single-filing rule*

The single-filing rule provides a judicially created exception to the administrative exhaustion requirement that "allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement, provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature." *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 293 (4th Cir.2004). Although the Fourth Circuit has declined to expressly adopt the single-filing rule, *see e.g. King v. McMillan,* 233 Fed.Appx. 242, 244 (4th Cir.2007), Plaintiffs urge its application here to cure deficiencies with both the timeliness and the scope of Plaintiffs' complaints.

Plaintiffs contend that the similarity of their complaints and the fact that Defendant received notice in some of Plaintiffs' administrative charges of the collective nature of the charges is sufficient to trigger application of the single-filing rule. The Court must first decide, however, whether the fact that all of the Plaintiffs have filed their own EEOC charges serves to prevent them from the benefit, if applicable in this circuit, of the single-filing rule.

Although one district court in this circuit has applied the single-filing rule to the unique circumstances of that case, *Bryson v. Fluor Corp.,* 914 F.Supp. 1292, 1295 (D.S.C.1995), a more recent district court opinion notes that the single-filing rule is only potentially available to plaintiffs "who never filed an EEOC charge at all." *Proa v. NRT Mid Atlantic, Inc.,* 477 F.Supp.2d 677, 680 (D.Md. 2007). Additionally, guidance from the Fourth Circuit indicates that, where a plaintiff has filed his own EEOC charge and received his own right-to-sue letter, he is limited by the scope and timeliness of

his own charge and notice of right to sue. *White*, 375 F.3d at 297.

While at least one circuit that recognizes the single-filing rule has allowed its application to plaintiffs who had previously filed their own administrative charges, *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 197 (6th Cir.1995), this Court finds more persuasive the reasoning of those circuits that have declined to apply the single-filing rule to plaintiffs who have previously filed their own EEOC charge. *See e.g. Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 565 (2d Cir.2006) ("allowing an individual who has previously filed a charge to abandon that charge and piggyback onto the charges of another individual would too often frustrate the EEOC's statutorily-mandated efforts"); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997) (holding that plaintiffs who have not filed administrative charges may "piggyback" on the timely filing of others, but those who do file administrative charges are bound by their own charge); *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1223 (5th Cir.1995); *Campbell v. Nat'l R.R. Passenger Corp.*, 163 F.Supp.2d 19, 25–26 (D.D.C.2001) (listing cases). Accordingly, the Court finds that even if the single-filing rule is applicable in this circuit, it cannot apply to Plaintiffs in this action as each Plaintiff has filed his or her own EEOC charge.

### Failure to State a Claim

The Court now considers Defendant's Motion to Dismiss for failure to state a claim as it applies to the remaining Plaintiffs and their remaining claims. For the reasons discussed below, the Court finds that Plaintiffs have stated claims of employment discrimination under the ADEA, Title VII, and ADA sufficient to survive a Rule 12(b)(6) motion. F.R. Civ. P. 12(b)(6).

In order to state a claim for relief, Plaintiffs' complaint need not make out a prima facie case of employment discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rather, it must allege facts sufficient to nudge their claims across the line from merely conceivable to plausible; "heightened fact pleading of specifics" is not required. *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Here, Plaintiffs have in their complaint detailed the dates of their employment; the specific actions about which they complain, including discipline and subsequent termination; the statements and policies of Defendant about which they complain, including the Wal–Mart Benefits Memorandum and its "Coaching for Improvement" policy; the age, gender, and race of the supervisors, co-workers, and replacements relevant to their claims; and the effects of Defendant's actions on their physical and mental well-being. *See, e.g. Swierkiewicz*, 534 U.S. at 508, 122 S.Ct. 992; *Dolgaleva v. Virginia Beach City Public Schools*, 364 Fed.Appx. 820, 827 (4th Cir.2010) (unpublished).

Accordingly, Defendant has been given fair notice of the claims against it and the grounds upon which those claims rest. F.R. Civ. P. 8(a); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir.2005) (quotation omitted). Although the Court has found that it is without jurisdiction to consider many of the claims asserted by several of the Plaintiffs, it also finds that, as to those claims over which it has jurisdiction, Plaintiffs have satisfied the requirements of Rule 8 and Defendant is not entitled to dismissal of these claims.

### CONCLUSION

For the reasons discussed above, Defendant's Motion to Transfer Venue is GRANTED; Defendant's Motion to Dis-

miss for Lack of Subject Matter Jurisdiction is GRANTED IN PART AND DENIED IN PART; and Defendant's Motion to Dismiss for Failure to State a Claim is DENIED.

The ADEA claims of Plaintiffs Burriss, Flanigan, and Soles are DISMISSED as barred. The harassment or hostile work environment claims of Plaintiffs Bannister, Soles, and Towles are also DISMISSED. The Clerk is hereby DIRECTED to transfer this action as it pertains to Plaintiff Griffith to the Western District of Virginia and as it pertains to Plaintiff Toms to the Eastern District of Virginia.